IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GUOQUAN MEI, | |
| Petitioner, | CIVIL ACTION NO.: 2:25-cv-30 |
| v. | |
| WARDEN, FOLKSTON ICE PROCESSING CENTER,[1] | |
| Respondent. | |

**ORDER**

Petitioner Guoquan Mei ("Mei"), through counsel, has filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Mei is currently detained at the Folkston Immigration and Customs Enforcement ("ICE") Facility in Folkston, Georgia, yet the Petition was filed in the Brunswick Division of this Court. Thus, the Court **DIRECTS** the Clerk of Court to **TRANSFER** the instant cause of action to the Waycross Division of this Court for plenary disposition. The filings in the new case should bear the same dates as those contained in the above-captioned case.

The Court directs the United States Marshal to serve a copy of the Petition, doc. 1, and a copy of this Order by registered or certified mail upon: (1) the Attorney General of the United States; (2) the named Respondent; and (3) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. See Fed. R. Civ. P. 4(i).

---

[1] Mei's filing appears to be one sounding in habeas, making the Warden at Mei's current place of incarceration the only proper Respondent. Rumsfeld v. Padilla, 542 U.S. 426 (2004). If Mei believes the other individuals listed on the Petition are also proper respondents, however, he must set forth the basis for this Court's jurisdiction over these other individuals and also what efforts he has made to serve the other listed individuals.

The Court orders Respondent to show cause, in writing, why Petitioner's writ should not be granted by filing an Answer within **21 days** of service of the Petition.  See Rule 5 of the Rules Governing Section 2254 Petitions.[2]  **If Respondent seeks dismissal or denial of the Petition, Respondent should file, in lieu of an answer, a motion to dismiss or deny the Petition**.  Grounds for a motion to dismiss include, but are not limited to: failure to exhaust available remedies, untimeliness, failure to state a cognizable claim, procedural default, second or successive petition bar, absence of custody at the time the petition was filed, mootness, ripeness, and failure to name the proper respondent.  Respondent must attach complete copies of all files and records cited in support of a motion to dismiss as exhibits to the motion to dismiss.  If Respondent moves to dismiss and the motion is denied, Respondent must file an answer which complies with Rule 5 within 21 days of denial of the motion to dismiss.  The Court **DIRECTS** the Clerk of Court to serve a courtesy copy of this Order on the United States Attorney for the Southern District of Georgia.

**SO ORDERED**, this 29th day of April, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]   The Rules Governing Section 2254 Cases may also apply to habeas actions brought under Section 2241.  Rule 1(b) of the Rules Governing Section 2254 Cases.